IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice Patterson,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CIV 09-2187-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Maurice Patterson, presently confined at ASPC-Yuma,[1] filed a petition for writ of habeas corpus on October 16, 2009, challenging his conviction in the City of Phoenix Municipal Court for a misdemeanor charge of Domestic Violence. He alleges violations of his constitutional rights to a speedy trial and to be free from unreasonable search and seizure. The Court recommends that the petition be denied and dismissed with prejudice.

On November 5, 2007, Patterson was charged with misdemeanor assault; on December 17, 2007, he waived his right to counsel and pleaded guilty (Doc. 23, Exh A at 1, 16-17). He was sentenced to 30 days in jail and 1 year of probation (*Id.* at 8-12). Patterson alleges in his petition that he filed a petition for post-conviction relief on February 6, 2008, which was denied by the Phoenix Municipal Court on March 24, 2008 (Doc. 1 at 6). He also

---

[1] Although the District Court ruled that Patterson is still "in custody" for purposes of § 2254 because he has not satisfied the counseling requirement of his city court sentence, he is being confined in the Department of Corrections pursuant to a judgment of conviction entered in Maricopa County Superior Court in an unrelated case.

1  asserts that he attempted to file petitions for review in April 2008 and September 2008, and
2  a state habeas petition in Maricopa County Superior Court on March 5, 2009. He maintains
3  that the courts refused to file these documents "because the misdemeanor complaint in this
4  case was dismissed in March of 2007 and refiled on Nov. 5 2007 but under a traffic citation
5  number (2007 902372 there [sic] no CR attached to show it's a criminal charge)" (Doc. 1 at
6  6). Patterson asserts that this was done "so that a magistrate could not find probable cause
7  for the refile, and subsequently an arrest warrant was issued, and I was arrested. The date
8  of the alleged incident in that case was changed so it would violate my right to a speedy trial"
9  (*Id*). Patterson argues that "[b]ecause of these reasons the prosecutor violated due process
10 by not following the rules of criminal procedure. The factual basis for the plea are false and
11 the avowement [sic] incorrect, as to me entering into the plea knowing and voluntarily thus
12 the plea is invalid under contract law" (*Id.*).

13 In his first ground, Patterson alleges a violation of his right to due process under the
14 fifth and fourteenth amendments, and a violation of his right to a speedy trial under the sixth
15 amendment. The Court agrees with Respondents that Patterson's allegations, as recited
16 above, are less than clear. However, because he appears to be alleging violations of his
17 constitutional rights that occurred prior to the entry of the plea, those claims have been
18 waived by his entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).[2]

19 In his second ground, Patterson alleges a violation of his due process rights under the
20 fifth and fourteenth amendments and a violation of the right to be free from unreasonable
21 search and seizure under the fourth amendment. He maintains that he was stopped illegally,
22 resulting in the discovery of an outstanding arrest warrant. Because the State of Arizona
23 allows for the full and fair litigation of a fourth amendment claim, including those arising
24 from a misdemeanor, *see Frohlich v. City Court of City of Tucson*, 196 Ariz. 278, 279-280
25 (App. 1999), Patterson cannot be granted habeas relief on this ground. *Stone v. Powell*, 428

---

[2]The arguments raised in his reply are less than clear as well. However, because they relate to events that occurred prior to the entry of his plea, they are also waived. *See* Doc. 24.

- 2 -

U.S. 465, 494 (1976); *Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005). Patterson alleges in his reply that he was not given a full and fair litigation on his fourth amendment claim because there was no ruling on his post-conviction pleadings. His opportunity for any litigation of a fourth amendment claim existed prior to his decision to plead guilty, and not in any post-conviction proceeding. Once he pleaded guilty, any such claim was waived. *Tollett v. Henderson*.

**IT IS THEREFORE RECOMMENDED** that Maurice Patterson's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of October, 2010.

_____
David K. Duncan
United States Magistrate Judge