**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice Patterson, ) | No. CV 09-2187-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles Ryan; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

    Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), the Report and Recommendation from the Magistrate Judge recommending that the Petition be denied (Doc. 27), and Petitioner's objections to the Report and Recommendation (Doc. 28).

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections were filed, the Court will review the Petition de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

    As the Report and Recommendation details, and Petitioner concedes in his objections, Petitioner pleaded guilty in Phoenix Municipal Court to a misdemeanor charge of domestic violence. Doc. 27 at 1, Doc. 28 at 2; Doc. 23-1 at 21. At the time of his plea, Petitioner waived his right to counsel. Doc. 23-1 at 22.

    In his Petition, Petitioner asserts two grounds for relief: Ground 1, violation of

Petitioner's 5th, 6th and 14th amendment rights; Ground 2, violation of Petitioner's 4th, 5th, and 14th amendment rights. This Court finds that because Petitioner pleaded guilty, all of these pre-plea alleged violations cannot form the basis for habeas relief. As the Supreme Court has stated:

> We thus reaffirm the principle recognized in the Brady trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, Petitioner is not entitled to relief on either of his grounds.

Further, reviewing the objections as a whole, the sum of Petitioner's argument appears to be that Petitioner could not take an appeal of his guilty plea because the city of Phoenix prosecutor's office somehow prosecuted this entire case under a civil traffic case number. Doc. 28 at 1-2. Petitioner offers no citations to the record to support this argument. The Court has reviewed the exhibits filed by Respondents and by Petitioner and does not find any factual support for Petitioner's argument. Therefore, alternatively, even if Petitioner's theory could legally entitle him to relief, his grounds fail because there is no factual support for them in the record.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 27) is accepted and adopted, the objections (Doc. 28) are overruled, and the Petition (Doc. 1) is denied, with prejudice, and the Clerk fo the Court shall enter judgment accordingly.

///
///
///
///
///

1	**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing
2	Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a
3	certificate of appealability because Petitioner has not made a substantial showing of the
4	denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

5	DATED this 15th day of November, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge